**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BRUNSON ROBERTS                                                                                          PLAINTIFF
ADC #127841

V.                                            NO: 5:10CV00063 SWW/HDY

LARRY NORRIS *et al.*                                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

> Mail your objections and "Statement of Necessity" to:
> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, on March 8, 2010, alleging that Defendants have been deliberately indifferent to his serious medical needs.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on January 25, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.	The events giving rise to this complaint occurred at the ADC's Varner Super Max Unit.

2.	Defendants are ADC Deputy Director Wendy Kelley, and Nnamdi Ifediora, a physician formerly employed by the ADC's medical contractor.  Service has not been perfected on Ifediora, and neither he, nor a representative for him, appeared at the hearing.[1]

3.	According to Plaintiff, he suffers from scoliosis, and saw Ifediora for his problems in June of 2009.  Although Plaintiff requested a back brace to alleviate his pain, Ifediora only gave him ibuprofen, and failed to renew a "script" for a double mattress.  Plaintiff asserts that the continual use of ibuprofen has resulted in test results showing diminished liver functioning.  Plaintiff claims that Kelley was deliberately indifferent to his medical needs because she did not order medical providers to treat his scoliosis in a way Plaintiff believed to be more appropriate.

4.	The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234,1239 (8th Cir. 1997).  Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  However, "'Grossly incompetent or inadequate medical care can

---

[1] Plaintiff originally was pursuing additional claims against other Defendants, but all his claims except his medical indifference claims against Kelley and Ifediora have been dismissed (docket entry #23).

constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

5. Based on the standards set forth in *Dulaney*, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury. Plaintiff's complaint with Ifediora stems from one visit, where Ifediora continued his ibuprofen, but denied a script for a double mattress. There is no indication that Plaintiff saw Ifediora on an ongoing basis for his back pain, or that he returned to Ifediora to complain that the lack of two mattresses was causing him back problems. Although Plaintiff testified that his long term medication usage has resulted in a diminished liver functioning, he introduced no evidence to suggest Ifediora was even aware of the test results showing such a problem, or that Ifediora disregarded any potentially harmful effects of the medication he provided.

Likewise, the facts introduced cannot support a claim of deliberate indifference by Kelley.[2] Plaintiff testified that he sent Kelley a declaration regarding his contention that his medical problems were being inadequately addressed. Plaintiff contends that Kelley should have required the physicians to offer different care. However, Kelley is not a physician, and Plaintiff testified that he was receiving treatment from Ifediora, just not the treatment he believed was most appropriate. It appears that Plaintiff is pursuing his claims against Kelley on a *respondeat superior* theory. However, *respondeat superior* is not a basis of liability for § 1983 claims. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations); *Choate*

---

[2]There was some discussion regarding whether Plaintiff properly exhausted his administrative remedies regarding his claims against Kelley, but lack of exhaustion was not established by Defendants.

4

*v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)(prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices). *See also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care).  Plaintiff introduced no evidence to suggest Kelley was personally involved in, or tacitly authorized, a constitutional violation. Therefore, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Wendy Kelley and Nnamdi Ifediora for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury, and DISMISSED WITHOUT PREJUDICE with respect to all his other claims.

2. All pending motions be DENIED AS MOOT.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   31   day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE